**Howard SIEGEL, Plaintiff–Appellant,**

v.

**NEW YORK LIFE INSURANCE COMPANY, Employee Welfare Benefit Plan; et al., Defendants–Appellees.**

No. 01–55337.

D.C. No. CV–99–10836–NM.

United States Court of Appeals, Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted March 11, 2002.*

Decided March 21, 2002.

Before CANBY, BEEZER, and PAEZ, Circuit Judges.

## MEMORANDUM**

Howard Siegel appeals pro se the district court's summary judgment in favor of New York Life Insurance Company in his action seeking long-term disability benefits under an employee benefit plan. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's summary judgment, *Kohler v. Inter–Tel Techs.*, 244 F.3d 1167, 1171 (9th Cir.2001), and we affirm.

The district court properly granted summary judgment because Siegel failed to raise a genuine issue of material fact as to whether his eligibility for policy coverage ceased on the date of his termination. *See Henkin v. Northrop Corp.*, 921 F.2d 864, 869 (9th Cir.1990).

The district court properly rejected, as a matter of law, Siegel's contentions raising equitable estoppel. *See Parker v. BankAmerica Corp.*, 50 F.3d 757, 769 (9th Cir.1995).

We decline to address issues raised for the first time in Appellant's reply brief.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

---

*See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir.1990).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Giles' request is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.